UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JONATHAN JUNG,

                :

        Plaintiff,

                :   05-CV-4286 (MBM)

  - against -

                :   ECF Case

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP and SUSAN DORNFELD,    :

        Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE FIRST, THIRD, FOURTH AND SIXTH
<u>CAUSES OF ACTION IN PLAINTIFF'S COMPLAINT</u>**


SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ATTORNEYS FOR DEFENDANTS
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
AND SUSAN DORNFELD

FOUR TIMES SQUARE

BOROUGH OF MANHATTAN

CITY OF NEW YORK

NEW YORK 10036-6522

(212) 735-3000

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. i

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 3

    A.  The Parties ............................................................................................................ 3

    B.  Mr. Jung's Allegations Center On His Employment In The Firm's
       White Plains Office ............................................................................................... 4

    C.  Procedural History ................................................................................................ 5

STANDARD OF REVIEW ................................................................................................... 6

ARGUMENT .......................................................................................................................... 6

  POINT I
  Mr. Jung's New York City Human Rights Law Claims Should Be
  Dismissed With Prejudice Because Mr. Jung's Allegations Establish That
  His Claims Pertain To His Work Outside Of New York City ................................ 6

  POINT II
  Mr. Jung's Title VII Claims Should Be Dismissed With Prejudice Because
  They Are Time Barred As The Complaint Was Filed More Than Ninety
  Days After Mr. Jung Received A Right-To-Sue Letter .......................................... 9

  POINT III
  Even if Mr. Jung's Title VII Claims Are Not Time Barred They Should Be
  Dismissed As To Ms. Dornfeld ............................................................................. 12

    A.  Title VII Claims May Not Be Asserted Against An Individual ................ 12

    B.  Ms. Dornfeld Was Not Named In The Charge ......................................... 13

CONCLUSION ................................................................................................................... 14

## **TABLE OF AUTHORITIES**

**CASES**                                                                                                          **PAGE(S)**

Alexander v. Burke Rehabilitation Center., No. 92 Civ. 6574, 1995 WL 293963
    (S.D.N.Y. May 15, 1995).....................................................................................................10

Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984)..........................................10, 11

Casper v. Lew Lieberbaum & Co., Inc., No. 97 Civ. 3016, 1998 WL 150993
    (S.D.N.Y. Mar. 31, 1998) .......................................................................................................7

Conley v. Gibson, 355 U.S. 41 (1957)...............................................................................................6

Dortz v. City of New York, 904 F. Supp. 127 (S.D.N.Y. 1995) .......................................................14

Duffy v. Drake Beam Morin, Harcourt General, Inc., No. 96 Civ. 5606, 1998 WL
    252063 (S.D.N.Y. May 19, 1998)......................................................................................7, 12

Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York,
    375 F.3d 168 (2d Cir. 2004)..............................................................................................6, 12

Everson v. New York City Transit Authority, 216 F. Supp. 2d 71
    (E.D.N.Y. 2002).....................................................................................................................5

Fletcher v. Runyon, 980 F. Supp. 720 (S.D.N.Y. 1997)....................................................................9

Gebhardt v. Allspect, Inc., 96 F. Supp. 2d 331 (S.D.N.Y. 2000) ......................................................3

Gray v. Shearson Lehman Brothers, Inc., 947 F. Supp. 132 (S.D.N.Y. 1996)...............................13

Harrison v. New York City Administration for Children's Services, No. 02 Civ.
    0947, 2003 WL 21640381 (S.D.N.Y. July 7, 2003) ............................................................12

Jazini v. Nissan Motor Co. Ltd., 148 F.3d 181 (2d Cir. 1998) .........................................................6

Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143 (2d Cir. 1984) ................................2, 10

Levy v. City Commission on Human Rights, 85 N.Y.2d 740 (1995)................................................7

Lightfoot v. Union Carbide Corp., No. 92 Civ. 6311, 1994 WL 184670 (S.D.N.Y.
    May 12, 1994).........................................................................................................................8

Lucas v. Pathfinder's Personnel, Inc., No. 01 Civ. 2252, 2002 WL 986641
    (S.D.N.Y. May 13, 2002).......................................................................................................8

Mandell v. County of Suffolk, 316 F.3d 368 (2d Cir. 2003) ..................................................... 12

Mohasco Corp. v. Silver, 447 U.S. 807 (1980) .......................................................................... 10

Press v. Chemical Investment Services Corp., 166 F.3d 529 (2d Cir. 1999) ............................. 12

Ruiz v. New York City Fire Department, No. 00 CIV. 4371, 2001 WL 767009
    (S.D.N.Y. July 9, 2001) ..................................................................................................... 5, 6

Sanchez v. National Cleaning Co., 11 F. Supp. 2d 453 (S.D.N.Y. 1998) .................................. 10

Sherlock v. Montefiore Medical Center, 84 F.3d 522 (2d Cir. 1996) ......................................... 11

Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir. 1995) ............................................................. 3, 13

Toolan v. Board of Education of the City of New York, No. 02 Civ. 6989, 03 Civ.
    576, 2003 WL 22015437 (S.D.N.Y. Aug. 25, 2003) .............................................................. 9

Vital v. Interfaith Medical Center, 168 F.3d 615 (2d. Cir. 1999) .......................................... 3, 13

Wahlstrom v. Metro-North Commuter Railroad Co., 89 F. Supp. 2d 506 (S.D.N.Y.
    2000) ....................................................................................................................................... 2

Yak v. Bank Brussels Lambert, 252 F.3d 127 (2d Cir. 2001) ....................................................... 5

**STATUTES**                                                                                      **PAGE(S)**

N.Y.C. Admin. Code § 2-201 ........................................................................................................ 7

N.Y. Gen. Mun. § Law 239-s ......................................................................................................... 7

42 U.S.C. § 2000(e) et seq ............................................................................................................. 1

42 U.S.C. § 2000e-5(f)(1) .................................................................................................... 2, 9, 13

Defendants Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden, Arps" or the "Firm") and Susan Dornfeld ("Ms. Dornfeld") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss, with prejudice, the First, Third, Fourth and Sixth Causes of Action in the Complaint of plaintiff Jonathan Jung ("Mr. Jung" or "Plaintiff") filed with the Court on April 29, 2005 (the "Complaint" or "Compl."),[1] for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]

## PRELIMINARY STATEMENT

This employment discrimination case purports to allege violations of New York City, New York State and federal law.[3] On its face, however, the Complaint provides clear evidence that Mr. Jung has not – and indeed cannot – state any claims against the Defendants under the NYCHRL or Title VII. For example, Mr. Jung's NYCHRL claims are premised entirely on alleged events impacting his employment with the Firm in White Plains, New York, not in New York City. (See Compl. ¶¶ 17, 37.)

---

[1] For the Court's convenience, a copy of the Complaint is attached as Exhibit A to the accompanying Declaration of David E. Schwartz dated June 10, 2005 (the "Schwartz Decl."). In addition, copies of all unreported decisions referred to herein are submitted in an accompanying "Compendium of Unreported Cases.

[2] By filing this motion, the Firm is not waiving any claims or defenses, including but not limited to, the right to compel arbitration.

[3] In particular, these claims are based on allegations of discrimination due to national origin and race and retaliation under the Administrative Code of the City of New York, as amended §§ 8-101 et seq. (the "New York City Human Rights Law" or "NYCHRL"), the New York State Executive Law, as amended, §§ 290 et seq. (the "New York State Human Rights Law" or "NYSHRL"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e) et seq. ("Title VII"), respectively.

Accordingly, Mr. Jung's Third and Sixth Causes of Action for supposed violations of the NYCHRL should be dismissed because the NYCHRL plainly does not cover these events. See Wahlstrom v. Metro-North Commuter R.R. Co., 89 F. Supp. 2d 506, 527 (S.D.N.Y. 2000) ("[T]he NYCHRL only applies where the actual impact of the discriminatory conduct or decision is felt within the five boroughs . . . .").

In a like vein, Mr. Jung's own allegations demonstrate that his First and Fourth Causes of Action brought under Title VII should also be dismissed in their entirety because they are time barred. It is well settled that a party who wishes to bring a Title VII action has ninety days from receipt of a Notice of Right to Sue ("Right-to-Sue Letter") from the Equal Employment Opportunity Commission ("EEOC") to file such an action. See 42 U.S.C. § 2000e-5(f)(1) ("[W]ithin ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . ."). Under applicable Second Circuit precedent, this ninety-day limitations period must be strictly construed and "cannot [be] extend[ed] . . . by even one day." Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984) (emphasis added). As alleged by Plaintiff in his Complaint, "[o]n or about January 27, 2005, Mr. Jung received a Dismissal and Notice of Right to Sue letter from the EEOC." (Compl. ¶ 7.) Accordingly, Mr. Jung had ninety days from January 27, 2005 – or until April 27, 2005 – to file a civil action against based on the Right-to-Sue Letter. In spite of this hard-and-fast deadline, the "filed" stamp on the very first page of the Complaint establishes that Mr. Jung did not file his Complaint with this Court until April 29, 2005 – two days after his "right to sue" expired. (Compl. at 1 (cover page).)

2

Even if Mr. Jung's Title VII claims against both Defendants are not dismissed because they are untimely – and they should be – the Title VII claims against Ms. Dornfeld should nevertheless be dismissed for two additional reasons. First, individuals may not be held personally liable under Title VII. See Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995). Second, Mr. Jung did not name Ms. Dornfeld as a Respondent in the charge of discrimination that he filed with the EEOC. See Vital v. Interfaith Medical Center, 168 F.3d 615, 619 (2d. Cir. 1999) ("A [plaintiff] must file a charge against a party with the EEOC or an authorized state agency before the [plaintiff] can sue that party in federal court under Title VII.").

## STATEMENT OF FACTS[4]

A.  The Parties

Skadden, Arps is an international law firm with twenty-one offices around the world, including offices in New York City (the "New York City Office") and White Plains, New York (the "White Plains Office"). (Compl. ¶ 2.) Ms. Dornfeld is the Firm's Treasurer. (Compl. ¶ 3.) Mr. Jung was employed by the Firm in its Tax and Investments Department from September 8, 1998 through June 7, 2004. (Compl. ¶¶ 11, 54.) He held the position of Tax Coordinator from the commencement of his employment through September 30, 2001, and Tax Supervisor from October 1, 2001 through his termination of employment with the Firm. (Compl. ¶¶ 11, 16.)

---

[4]  For purposes of their motion to dismiss only, Defendants will assume, arguendo, the truth of Plaintiff's factual allegations in the Complaint – but not Plaintiff's unwarranted conclusory allegations or legal conclusions. See Gebhardt v. Allspect, Inc., 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000) (quoting 2 James Wm. Moore et al., Moore's Federal Practice § 12.34[1][b] (3d ed. 1997)). Defendants reserve the right to contest all factual allegations for all other purposes.

3

B.  Mr. Jung's Allegations Center On His
    <u>Employment In The Firm's White Plains Office</u>

During Mr. Jung's employment with Skadden, Arps, he worked first in the New York City Office and then, with the February 2003 relocation of the Firm's Tax and Investment Department, in the White Plains Office.  (Compl. ¶¶ 2, 37.)  However, by his own admission, no discriminatory conduct occurred while he was employed in the New York City Office.  Rather, the Complaint alleges:  "<u>Beginning</u> in February 2003, Mr. Jung <u>began</u> to experience discrimination based on his race and national origin."  (Compl. ¶ 17 (emphasis added).)  Specifically, the first alleged incident occurred "on or about <u>February 17, 2003</u>, <u>following an office move to White Plains</u>," when Ms. Dornfeld purportedly made "racially derogatory comments" to him.  (Compl. ¶ 37 (emphasis added).)

Indeed, the Complaint is replete with allegations revealing that Mr. Jung's claims are based on purported actions occurring while Mr. Jung was employed in the White Plains Office.  For example, Mr. Jung contends that:

- "Ms. Dornfeld summoned [him] into her office in <u>April 2003</u>, and began yelling at him . . . ."  (Compl. ¶ 35 (emphasis added).)

- "[He] received a negative performance evaluation in <u>December 2003</u> from Defendant Skadden Arps's Human Resources Department . . . ."  (Compl. ¶ 42 (emphasis added).)

- Following the resignation of an Asian American employee "in <u>early 2004</u>," the Firm replaced the Asian American with a Caucasian and paid the Caucasian a higher salary.  (Compl. ¶ 41 (emphasis added).)

- In <u>March 2004</u>, he reported his discriminatory treatment to a managing director at the Firm, but that managing director failed to take any action.  (Compl. ¶¶ 47-49.)

- In <u>April 2004</u>, he received a written warning concerning his performance.  (Compl. ¶ 49.)

4

- Following his attorney's communication to the Firm in or about March 2004 concerning his complaints of discrimination, Skadden, Arps's counsel failed to speak to him about his complaints. (Compl. ¶¶ 51-52.)

- "Repeated criticism of [his] performance, despite his previous satisfactory performance, as reflected in his previous performance e valuations, culminated in his dismissal on June 7, 2004. (Compl. ¶ 54.)

Mr. Jung has not alleged that Defendants engaged in any discriminatory conduct prior to February 2003. Thus, all of the allegations reflect conduct which occurred while Mr. Jung was employed in the White Plains Office and none of the allegations involve conduct which occurred while Mr. Jung was based in New York City.

C.    Procedural History

Mr. Jung filed a Charge of Discrimination with the EEOC on October 12, 2004 (the "Charge"), asserting that Skadden, Arps had discriminated and retaliated against him in violation Title VII. (Compl. ¶ 6; Schwartz Decl. Ex. B.)[5] Unable to conclude, based upon its investigation, that the Firm engaged in any conduct violative of Title VII, the EEOC dismissed the Charge. (Schwartz Decl. Ex. C.) The agency issued to Mr. Jung a Right-to-Sue Letter explaining that he may file a lawsuit based on the

---

[5] In deciding a Rule 12(b)(6) motion, this Court may consider, in addition to the facts alleged in the Complaint, documents incorporated by reference in the Complaint, documents which are integral to the Complaint, and documents which Mr. Jung either possessed or knew about and upon which he relied in bringing this action. See Yak v. Bank Brussels Lambert, 252 F.3d 127, 130-31 (2d Cir. 2001). Therefore, this Court may consider the Charge and the Right-to-Sue Letter in deciding Defendants' motion to dismiss because they are incorporated by reference in the Complaint, integral to the Complaint and known to Mr. Jung. See Everson v. New York City Transit Auth., 216 F. Supp. 2d 71, 77 n.4 (E.D.N.Y. 2002) (stating court may consider plaintiff's right-to-sue letter on a motion to dismiss); Ruiz v. New York City Fire Dep't, No. 00 CIV. 4371, 2001 WL 767009, at *1 n.2 (S.D.N.Y. July 9, 2001) (noting that court may consider plaintiff's EEOC charge and right-to-sue letter when deciding a motion made pursuant to Rule 12(b)(6)).

5

Charge against Skadden, Arps within ninety days following his receipt of the Right-to-Sue Letter. (Id.)[6] Mr. Jung received the Right-to-Sue Letter on or about January 27, 2005. (Compl. ¶ 7.) Mr. Jung then commenced this action by filing the Complaint with the Court on April 29, 2005 (Schwartz Decl. Ex. A) – <u>ninety-two (92) days later</u>.

## STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must accept plaintiff's factual allegations as true. <u>Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York</u>, 375 F.3d 168, 175 (2d Cir. 2004). Nonetheless, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Jazini v. Nissan Motor Co. Ltd.</u>, 148 F.3d 181, 185 (2d Cir. 1998) (quoting <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)). Moreover, it is well settled that a defendant is entitled to dismissal where – as here – "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

## ARGUMENT

### POINT I

### MR. JUNG'S NEW YORK CITY HUMAN RIGHTS LAW CLAIMS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE MR. JUNG'S ALLEGATIONS ESTABLISH THAT HIS CLAIMS PERTAIN TO HIS WORK OUTSIDE OF NEW YORK CITY

Under applicable New York State law and the New York City Administrative Code, the New York City Human Rights Law only applies when the impact of discriminatory conduct (<u>e.g.</u>, a termination) occurs within the boundaries of

---

[6] Mr. Jung did not name Ms. Dornfeld as a Respondent in the Charge and she is not identified as a Respondent in the Right-to-Sue Letter. (<u>See</u> Schwartz Decl. Exs. B & C.)

6

New York City.  See N.Y. Gen. Mun. Law § 239-s; N.Y.C. Admin. Code § 2-201; see also Levy v. City Comm'n on Human Rights, 85 N.Y.2d 740, 743 (1995) ("The Administrative Code of the City of New York vests in the New York City Commission on Human Rights the authority and jurisdiction to eliminate and prevent discrimination within the City of New York." (emphasis added)).  Thus, in order to state a claim under the City Human Rights Law, a plaintiff must allege that he was discriminated against by the defendant within New York City.  See Casper v. Lew Lieberbaum & Co., Inc., No. 97 Civ. 3016, 1998 WL 150993, at * 4 (S.D.N.Y. Mar. 31, 1998) (granting defendants' motion to dismiss plaintiffs' NYCHRL claims pursuant to FRCP Rule 12(b)(6) because the discriminatory conduct alleged in the amended complaint occurred in Garden City, New York, not in New York City); see also Duffy v. Drake Beam Morin, Harcourt Gen., Inc., No. 96 Civ. 5606, 1998 WL 252063, at *11 (S.D.N.Y. May 19, 1998) (Mukasey, J.) (dismissing plaintiffs' NYCHRL claims against their former employer because nothing in the record suggested that they were subjected to discriminatory conduct in New York City).

    At the time of his termination, the adverse action which Mr. Jung claims as the primary basis for this action, Mr. Jung had been employed in the White Plains Office for more than a year.  (Compl. ¶¶ 17, 18, 37.)  Indeed, those factual allegations set forth in the Complaint in apparent support of Mr. Jung's claims show that he is complaining only about conduct that began "in February 2003," "following an office move to White Plains."  (Compl. ¶¶ 17, 37.)  There is nothing in the Complaint to suggest that Mr. Jung was impacted by any discriminatory conduct by Defendants at any time

7

while he was employed in New York City. Thus, Mr. Jung has failed to state a claim under the New York City Human Rights Law.

Mr. Jung's allegation that the Firm is headquartered in New York City does not compel a different result on this motion. (Compl. ¶ 2.) As a matter of law, even if the Firm's New York City Office had participated in the decision to terminate Mr. Jung's employment or had taken any other supposedly adverse action against him – and there is no allegation that it did so – any such participation would be insufficient to establish a violation of the New York City Human Rights Law. See Wahlstrom, 89 F. Supp. 2d at 527 ("[T]he NYCHRL only applies where the actual impact of the discriminatory conduct or decision is felt within the five boroughs, even if a discriminatory decision is made by an employer's New York City office."); see also Lucas v. Pathfinder's Personnel, Inc., No. 01 Civ. 2252, 2002 WL 986641, at *1 (S.D.N.Y. May 13, 2002) (holding allegation by plaintiff, who worked in defendant's Boston office, that the decision to terminate her was made in defendant's New York City office, was insufficient to establish a violation of the NYCHRL); Lightfoot v. Union Carbide Corp., No. 92 Civ. 6311, 1994 WL 184670, at *5 (S.D.N.Y. May 12, 1994) (dismissing NYCHRL claim where plaintiff worked in Connecticut even though decision to adopt early retirement program that led to plaintiff's dismissal was made at defendant's New York City office). "To hold otherwise would be to expand the [New York] City Human Rights Law to cover any employee who is fired pursuant to a decision handed down by an employer from its New York City headquarters, no matter where the employee in question actually works." Duffy, 1998 WL 252063, at *12 (dismissing NYCHRL claims by plaintiffs, despite their claims that defendant's decision to fire them

8

was made at its New York City headquarters, because at all relevant times plaintiffs worked in defendant's Melville, New York and Parsippany, New Jersey offices).

Here, Mr. Jung concedes – as he must – that he worked in the White Plains Office at all relevant times asserted in the Complaint.  Notwithstanding the fact that the Firm maintains its headquarters in New York City, the alleged discriminatory and retaliatory conduct in this case impacted Mr. Jung only in White Plains, not in New York City.  Thus, this Court should dismiss Mr. Jung's claims under the New York City Human Rights Law asserted as the Third and Sixth Causes of Action in the Complaint should be dismissed with prejudice.

POINT II

MR. JUNG'S TITLE VII CLAIMS SHOULD BE DISMISSED
WITH PREJUDICE BECAUSE THEY ARE TIME BARRED AS
THE COMPLAINT WAS FILED MORE THAN NINETY DAYS
AFTER MR. JUNG RECEIVED A RIGHT-TO-SUE LETTER

Mr. Jung filed his Title VII claims (i.e., the First and Fourth Causes of Action) outside of the ninety-day period allowed by statute for the commencement of such actions.  To be timely, Title VII claims must be filed within ninety days of a plaintiff's receipt of a right-to-sue letter from the EEOC.  See 42 U.S.C. § 2000e-5(f)(1); see also Toolan v. Bd. of Educ. of the City of New York, No. 02 Civ. 6989, 03 Civ. 576, 2003 WL 22015437, at *2 (S.D.N.Y. Aug. 25, 2003) (holding plaintiff's Title VII actions commenced one day past the ninety-day period following her receipt of the right-to-sue letter from the EEOC were time-barred).  "[F]ailure to bring suit within the prescribed time is grounds for dismissal."  Fletcher v. Runyon, 980 F. Supp. 720, 721 (S.D.N.Y. 1997) (holding employee's pro se complaint received by court's pro se office 98 days

9

after he received notice of agency's final decision was untimely and, thus, would be dismissed).

The U.S. Supreme Court has cautioned that this ninety-day time limit must be strictly construed, and is "not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984). The Supreme Court based this holding on its view, previously expressed in Mohasco Corp.v. Silver, 447 U.S. 807, 826 (1980), that "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Consistent with these principles, the Second Circuit has held, "'in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.'" Johnson, 731 F.2d at 146 (affirming dismissal of pro se plaintiff's Title VII claim in complaint filed 97 days after her receipt of right-to-sue letter (emphasis added)) (quoting Rice v. New England Coll., 676 F.2d 9, 11 (1st Cir. 1982)). Thus, courts in this district have strictly enforced the ninety-day limit, in spite of the seemingly harsh consequences for plaintiffs. See, e.g., Toolan, 2003 WL 22015437, at *2 (dismissing pro se plaintiff's Title VII claims because "although she was only one day late, she was still late" (emphasis added)); Sanchez v. Nat'l Cleaning Co., 11 F. Supp. 2d 453, 455 (S.D.N.Y. 1998) (dismissing as untimely employee's pro se Title VII claim filed 92 days after receiving right-to-sue letter from EEOC); Alexander v. Burke Rehab. Ctr., No. 92 Civ. 6574, 1995 WL 293963, at *5 (S.D.N.Y. May 15, 1995) (dismissing pro se plaintiff's Title VII claims as time-barred because her action was filed "some 92 days after she received the Notice of Right to Sue Letter" (emphasis added).).

Here, assuming the allegations of the Complaint to be true, by his own admission, Mr. Jung received the Right-to-Sue Letter on or about Thursday, January 27, 2005. (Compl. ¶ 7.) The Right-to-Sue Letter conspicuously warned him of the necessity of commencing any legal action within ninety days. (See Schwartz Decl. Ex. C.) Accordingly, for his Title VII claims to be timely, Mr. Jung would have had to commence this action within that ninety-day period, i.e., by Wednesday, April 27, 2005. However, Mr. Jung did not file the Complaint with this Court until Friday, April 29, 2005 (see Schwartz Decl. Ex. A) – ninety-two days following his receipt of the Right-to-Sue Letter. Mr. Jung has failed to proffer any reason, equitable or otherwise, why the statute of limitations should be tolled in this case. Moreover, unlike most of the cases cited above in which the plaintiffs who failed to timely file their complaints were pro se, Mr. Jung is, and has been since well before the filing of the Charge, represented by able counsel. (Comp. ¶ 51.) Thus, in strictly construing the ninety-day limitations period, as mandated by the Second Circuit, Mr. Jung's Title VII claims should be dismissed with prejudice because they are time-barred.

Defendants' recognize that Mr. Jung's Right-to-Sue Letter reflects a "date mailed" of January 27, 2005 (see Schwartz Decl. Ex. C) and the Second Circuit has stated that there is a rebuttable presumption that a mailed document is received three days after its mailing. See Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996). It is further presumed, in the absence of a direct challenge, "that a notice provided by a government agency has been mailed on the date shown on the notice." Id. at 526 (citing Baldwin, 466 U.S. at 148 n.1). However, it is also well established that in deciding a motion to dismiss, this Court must accept as true all allegations in the Complaint.

11

See, e.g., Eternity Global Master Fund Ltd., 375 F.3d at 175; Press v. Chem. Inv. Servs. Corp., 166 F.3d 529, 534 (2d Cir. 1999).

In harmonizing these presumptions which could in some circumstances conflict with each other, the court in Ruiz v. New York City Fire Department expressly held that the three-day presumption described in the Sherlock case does not override the well-established standard for deciding a motion to dismiss.  See 2001 WL 767009, at * 2 (accepting as true, for purposes of a motion to dismiss, the date alleged by plaintiff in her complaint that she received the right-to-sue letter, rather than the date which was three days following its mailing); see also Harrison v. New York City Admin. for Children's Serv., No. 02 Civ. 0947, 2003 WL 21640381 (S.D.N.Y. July 7, 2003) (holding, for purposes of a 12(b)(6) motion, that a court must accept plaintiff's allegation in her complaint concerning the date she received her right-to-sue letter from the EEOC); Everson, 216 F. Supp. 2d at 78 (following the logic of Ruiz, and accepting as true, for purposes of a motion to dismiss, the date alleged by plaintiff in his complaint that he received the right-to-sue letter).  Thus, this Court should accept as true Mr. Jung's allegation in the Complaint that he received the Right-to-Sue Letter on or about January 27, 2005 and, accordingly, dismiss his Title VII claims with prejudice because they were filed beyond the statutory ninety-day limitations period.

POINT III

EVEN IF MR. JUNG'S TITLE VII CLAIMS ARE NOT TIME BARRED THEY SHOULD BE DISMISSED AS TO MS. DORNFELD

A.  Title VII Claims May Not Be Asserted Against An Individual

It is well settled that individual supervisors are not "employers" within the meaning of Title VII and, thus, not subject to liability under the statute.  In Mandell v.

12

County of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003), the Second Circuit Court of Appeals affirmed the dismissal of Title VII claims against police commissioner in his individual capacity because "under Title VII individual supervisors are not subject to liability."  Indeed, courts in this Circuit routinely dismiss Title VII claims seeking to assert personal liability against individual defendants.  See, e.g., Tomka, 66 F.3d at 1313 ("[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."); Gray v. Shearson Lehman Bros., Inc., 947 F. Supp. 132, 136 (S.D.N.Y. 1996) (Mukasey, J.) ("No matter what benefits may accrue by permitting official capacity suits, there is nothing to show that Congress intended to permit suits against individuals in their official capacity.").  Therefore, there is no legal theory on which Mr. Jung may assert Title VII claims against Ms. Dornfeld as an individual and Mr. Jung's First and Fourth Causes of Action in the Complaint should, as a matter of law, be dismissed as to Ms. Dornfeld.

B.  Ms. Dornfeld Was Not Named In The Charge

The Title VII claims against Ms. Dornfeld should also be dismissed because Mr. Jung named only Skadden, Arps, and not Ms. Dornfeld, as the Respondent in the Charge.  (See Schwartz Decl. Ex. B.)  The Right-to-Sue Letter, accordingly, only refers to the Firm as a Respondent against whom Mr. Jung may file a lawsuit.  (See Schwartz Decl. Ex. C.)  "A [plaintiff] must file a charge against a party with the EEOC or an authorized state agency before the [plaintiff] can sue that party in federal court under Title VII."  Vital, 168 F.3d at 619 (dismissing plaintiff's Title VII claim against labor union on the ground that the union was not named in plaintiff's EEOC charge); see also 42 U.S.C. § 2000e-5(f)(1) ("[W]ithin ninety days . . . a civil action may be brought against the respondent named in the charge . . . ." (emphasis added)); Dortz v. City of

13

New York, 904 F. Supp. 127, 142 (S.D.N.Y. 1995) ("A prerequisite to maintaining a Title VII action against a defendant, therefore, is the filing of a charge with the EEOC or authorized state agency, naming the defendant."). Here, there is no reason to disregard this general principle, and Mr. Jung's failure to designate Ms. Dornfeld as a Respondent in the Charge and to obtain a Right-to-Sue Letter naming her is fatal to his Title VII claims against her.

## CONCLUSION

For the foregoing reasons, this Court should grant in all respects Defendants' motion to dismiss the First, Third, Fourth and Sixth Causes of Action in the Complaint with prejudice and such other and further relief as this Court may deem just and proper, including costs.

Dated: New York, New York
       June 10, 2005

Respectfully submitted,

/s/ David E. Schwartz
Henry P. Baer (HB 1305)
David E. Schwartz (DS 4473)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
Attorneys for Defendants
  Skadden, Arps, Slate, Meagher
  & Flom LLP and Susan Dornfeld