UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

JONATHAN JUNG                                            :
                                                         :
                    Plaintiff,                           :
                                                         :
                                                         :    Case No. 05 CV 4286(MBM)
          -against-                                      :
                                                         :
                                                         :
SKADDEN, ARPS, SLATE MEAGHER & FLOM,                     :
LLP and SUSAN DORNFELD,                                  :
                                                         :
                    Defendants.                          :
------------------------------------------------------------- X


**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S OPPOSITION
<u>TO DEFENDANTS' MOTION TO DISMISS</u>**


BRENDAN CHAO
Attorney for Plaintiff
150 Great Neck Road, Suite 304
Great Neck, New York 11021
(516) 466-2033

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES…………………………………………………..…...............ii

PRELIMINARY STATEMENT……………………………………………………….1

STATEMENT OF FACTS……………………………………………….....................2

STANDARD OF REVIEW…………………………………………………………….5

ARGUMENT……………………………………………………..................5

    I.      PLAINTIFF'S NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL")
            CLAIMS MUST NOT BE DISMISSED BECAUSE PLAINTIFF
            EXPERIENCED A CONTINUING COURSE OF DISCRIMINATION
            WHICH BEGAN IN NEW YORK CITY AND ENDED WITH THE
            TERMINATION OF HIS EMPLOYMENT IN WHITE PLAINS……………..........5

    II.     PLAINTIFF'S COMPLAINT WAS TIMELY FILED WITHIN 90
            DAYS OF HIS ATTORNEY'S RECEIPT OF THE EEOC'S RIGHT TO
            SUE LETTER .……………………………………….…………..8

    III.   PLAINTIFF VOLUNTARILY WITHDRAWS HIS TITLE VII CLAIMS
            AS TO DEFENDANT DORNFELD ONLY…..…………………….....................11

CONCLUSION……………………………………………………………………..11

## TABLE OF AUTHORITIES

**CASES**

<u>Page</u>

Baldwin County Welcome Center v. Brown,
     466 U.S. 147, 104 S. Ct. 1723 (1984)……………………………………………..9

Bass v. World Wrestling Federation Entertainment, Inc.,
     129 F. Supp. 2d 491 (E.D.N.Y. 2001)……………………………………………6

Batchelor v. NYNEX Telesector Resources Group,
     213 A.D.2d 189, 623 N.Y.S.2d 235 (1st Dept. 1995)……………………………...6

Bernheim v. Litt,
     79 F3d 318 (2d Cir. 1996)………………………………….......................5

Cohen v. Koenig,
     25 F.3d 1168, (2d Cir. 1994)……………………………………………………5

Conley v. Gibson,
     355 U.S. 41, 78 S. Ct. 99 (1957)………………………………………………..5

Dais v. Lane Bryant, Inc.,
     168 F. Supp. 2d 62 (S.D.N.Y. 2001)……………………………………………...6

Gant v. Wallingford Board of Education,
     69 F.3d 669 (2d Cir. 1995)……………………………………………………...5

Goldman v. Belden,
     754 F.2d 1059 (2d Cir. 1985)…………………………………….................5

Greenidge v. Ben Hur Moving & Storage, Inc.,
     2002 WL 1796812 (E.D.N.Y. DATE? 2002)……………………………………..8

Holmes v. NBC/GE,
     914 F. Supp. 1040 (S.D.N.Y. 1996)……………………………………………...8

Roush v. Kartridge Pak Co.,
     838 F. Supp. 1328 (S.D. Iowa 1993)……………………………………………..9

Swierkiewicz v. Sorema N.A.,
     534 U.S. 506, 122 S. Ct. 992 (2002)……………………………….....................5

**STATUTES AND RULES**

Fed. Rule. Civ. P. Rule 6(e)..………………………………………………………………...9

Plaintiff, Jonathan Jung ("Mr. Jung" or "Plaintiff"), submits this memorandum of law in opposition to Defendant Skadden, Arps, Meagher & Flom's ("Defendant Skadden Arps") and Defendant Susan Dornfeld's ("Defendant Dornfeld") motion to dismiss several causes of action in Plaintiff's complaint. Plaintiff, however, voluntarily withdraws the First and Fourth counts of the complaint as to Defendant Dornfeld only. Plaintiff concedes that there is no personal liability for individual employees in a Title VII action.

## PRELIMINARY STATEMENT

Defendants move this Court for dismissal of Plaintiff's First, Third, Fourth and Sixth causes of action. In seeking dismissal of the Third and Sixth counts, Defendants argue that "Mr. Jung's NYCHRL claims are premised *entirely* on alleged events impacting his employment with the Firm in White Plains, New York, not New York City." See Defendants' memorandum of law p. 1 (emphasis added). Defendants refer this Court to paragraphs 17 and 37 of Plaintiff's complaint. Id. As discussed more fully in the Statement of Facts section below, Plaintiff has alleged facts which outline a pattern of discriminatory misconduct by Defendants that began in New York City and ended in White Plains with the termination of Plaintiff's employment.

In seeking dismissal of the First and Fourth counts of the complaint, Defendants argue that these counts are time barred because Title VII requires that such claims be brought within 90 days of a plaintiff's notice of his/her right to sue. That is, a plaintiff is required to file a lawsuit within 90 days of receiving what is commonly referred to as a "Right to Sue Letter." Defendants plainly state in their memorandum of law that, "It is well settled that a party who wishes to bring a Title VII action has ninety days from *receipt* of a Notice of Right to Sue…from the Equal Employment Opportunity Commission ('EEOC') to file such an action." Id. at p. 2. Counsel for Plaintiff received the Right to Sue Letter on January 31, 2005. The Right to Sue Letter was

stamped "RECEIVED" on January 31, 2005, and the 90-day deadline expired on May 1, 2005. See RECEIVED stamp on cover page to Right to Sue Letter attached hereto as Plaintiff's Exhibit 1. Plaintiff filed his complaint on April 29, 2005, see cover page of complaint attached hereto as Plaintiff's Exhibit 2, two days before the expiration of the 90-day deadline. Therefore, Plaintiff's complaint was timely filed.

In support of their untimeliness argument, Defendants rely on ¶ 7 of the complaint, which states, "On or about January 27, 2005, Mr. Jung received a Dismissal and Notice of Right to Sue letter from the EEOC." The preface to the allegation in ¶ 7 of the complaint, "On or about" is an approximation of the date the Right to Sue Letter was received. January 27, 2005, is the date that a representative of the EEOC, Spencer Lewis, actually signed the Letter, and presumably mailed it. See signature page of Spencer Lewis attached hereto as Plaintiff's Exhibit 1. January 27, 2005, however, was not the date that Plaintiff, or his attorney, actually received the Right to Sue Letter. The Right to Sue Letter was actually received by Plaintiff's counsel on January 31, 2005.

Even if there is a valid dispute regarding the date of receipt of the Right to Sue Letter, Defendants' motion is premature because such a dispute would present a question of fact that should be resolved through discovery and a subsequent Fed. Rule Civ. P. Rule 56 summary judgment motion, not a Fed. Rule Civ. P. Rule 12(b)(6) motion to dismiss.

As noted above, Plaintiff voluntarily withdraws the First and Fourth counts of his complaint as to Defendant Dornfeld only.

## STATEMENT OF FACTS

Defendant Dornfeld, a Caucasian employee of Defendant Skadden Arps, was Mr. Jung's supervisor. (Compl. ¶ 20) In or about December 1999, Ms. Dornfeld resigned and left

2

Defendant Skadden Arps.  (Compl. ¶ 21)  During Defendant Dornfeld's absence, Mr. Jung was promoted to International Tax Supervisor.  (Compl. ¶¶ 16, 22)

On or about October 7, 2002, Defendant Skadden Arps rehired Defendant Dornfeld, and she began to aggressively pursue a pattern of discrimination whereby she forced the resignation of minority employees, and began hiring Caucasian employees.  This included, within a few months of her return to Skadden Arps, interviewing candidates for Mr. Jung's position.  (Compl. ¶ 23)  Following Defendant Dornfeld's return to Defendant Skadden Arps, Mr. Jung was never again promoted.  (Compl. ¶ 24)

Mr. Jung believes that Defendants have participated in a pattern and practice of discriminating against members of racial minority employees, Asian Americans in particular. (Compl. ¶ 58)  Mr. Jung is Asian-American of Korean descent.  (Compl. ¶ 10)  Defendant Dornfeld made discriminatory decisions regarding performance evaluations, procedures for assigning work, and limited the opportunities for promotions to Mr. Jung and other racial minority employees in her department, including a number of Asian employees.  (Compl. ¶ 25) Defendant Dornfeld, who is responsible for, among other things, preparing annual performance evaluations for employees, routinely gave minority employees, including Mr. Jung, poor evaluations in an effort to "paper" their files for poor performance, thereby forcing their resignations.  (Compl. ¶ 26) Defendant Dornfeld took this course of action so that she could hire Caucasian employees to replace the minority employees who were forced to resign.  (Compl. ¶ 27)

Defendant Dornfeld routinely recommended higher bonuses and raises for Caucasian employees in Mr. Jung's department while giving lower bonuses and raises to Mr. Jung and other minority employees in her department.  (Compl. ¶ 20)  Defendant Dornfeld forced the

resignation of a number of racial minority employees, such as Rosie Francis, Eugene Lam, and Violet Chan, and replaced them all with Caucasian employees. (Compl. ¶ 28) Defendant Dornfeld changed the evaluations of minority employees after their respective evaluations were submitted to her by other supervisors. (Compl. ¶ 29)

Following her rehire by Defendant Skadden Arps [in October 2002], Defendant Dornfeld hired only Caucasian employees into Defendant Skadden Arps's Tax and Investment Department. (Compl. ¶ 31) Defendant Dornfeld also gave one direct peer of Mr. Jung's, a Caucasian, two raises within one year. Skadden Arps's policy only allows for one raise per year. (Compl. ¶ 32) Upon information and belief, Defendant Dornfeld has never given two annual raises to a minority employee at Skadden Arps. (Compl. ¶ 33) Racial minority employees were often asked to work late while Caucasian employees were permitted to leave as normally scheduled. (Compl. ¶ 34)

An Asian American employee and an African American employee from another department sought to apply for two vacant positions in Mr. Jung's department. Neither employee was selected for the vacant positions, and the Asian American employee was told that taking the position would involve a reduction in salary, and he was discouraged from applying. (Compl. ¶ 39) The Asian American employee did not fill the position, instead, a Caucasian, Linda Dromgoole, was hired and was paid an annual salary of $88,000, which would have been an increase in salary for the Asian American employee who had originally applied for the position. (Compl. ¶ 40)

Other employees who are members of racial minorities complained of discrimination to Laura Henschel, the director of Human Resources at Skadden Arps, but she also failed to take any action. (Compl. ¶ 53)

## STANDARD OF REVIEW

Fed. Rule Civ. P. Rule 8(a)(2) embodies a liberal pleadings standard.  This liberal pleading standard "is applied with even greater force where the plaintiff alleges civil rights violations." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996) (citations omitted).  The United States Supreme Court in Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S. Ct. 992 (2002), addressed the pleading requirements in a discrimination context: "Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Id. at 122 S. Ct. 998 (citations omitted).

On a motion to dismiss, the allegations in the complaint are accepted as true.  Cohen v. Koenig, 25 F.3d 1168, 1172-73 (2d Cir. 1994).  All reasonable inferences must be made in the Plaintiff's favor.  Gant v. Wallingford Board of Education, 69 F.3d 669, 673 (2d Cir. 1995).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  Therefore, "the Defendants' motion should only be granted if it appears that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957).

## ARGUMENT

I.   **PLAINTIFF'S NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL") CLAIMS MUST NOT BE DISMISSED BECAUSE PLAINTIFF EXPERIENCED A CONTINUING COURSE OF DISCRIMINATION WHICH BEGAN IN NEW YORK CITY AND ENDED WITH THE TERMINATION OF HIS EMPLOYMENT IN WHITE PLAINS**

Though Plaintiff's complaint describes numerous instances of discrimination that he suffered after his move to Defendant Skadden Arps's White Plains office, Plaintiff alleges a continuing course of discrimination, or pattern and practice of discrimination, which began in Defendant Skadden Arps's New York City office in 2002, and ended in its White Plains office with the termination of his employment in 2004.

As Defendants correctly point out, the NYCHRL governs discriminatory conduct that occurs exclusively within the City of New York. Dais v. Lane Bryant, Inc., 168 F. Supp. 2d 62, 76 (S.D.N.Y. 2001). Where a Plaintiff has pleaded sufficient allegations and raised sufficient inferences of actionable discrimination within New York City he has stated a claim under the Administrative Code [NYCHRL]. Bass v. World Wrestling Federation Entertainment, Inc., 129 F. Supp. 2d 491, 506 (E.D.N.Y. 2001).

The First Department: Appellate Division, in Batchelor v. NYNEX Telesector Resources Group, 213 A.D.2d 189, 623 N.Y.S.2d 235 (1st Dept. 1995), in deciding whether the trial court properly denied a defendant's motion to dismiss a complaint brought under the NYCHRL, held:

> "We agree with the IAS court that plaintiff's allegation that '[t]he offices of [defendant] relevant to this complaint' are located in New York City and White Plains, New York, is sufficient, for pleading purposes, to show that *at least part of the activity complained of took place in New York City*, and is thus cognizable under the New York City Human Rights Law. While that law [NYCHRL] does not provide a private cause of action for aggrieved individuals before its effective date of September 16, 1991, plaintiff has *alleged discriminatory practices of a continuing nature*, such that the dates of occurrence can be deemed any time subsequent to the inception of the practices up to the time of the cessation. Id. at 623 N.Y.S.2d 236 (emphasis added).

Defendants contend that, "There is nothing in the Complaint to suggest that Mr. Jung was impacted by any discriminatory conduct by Defendants at any time while he was employed in New York City. See Defendants' memorandum of law pp. 7-8. In support of this contention, Defendants rely on ¶ 17 of the complaint, "Beginning in February 2003, Mr. Jung began to experience discrimination based on his race and national origin." Paragraph 17 of the complaint simply alleges the first direct evidence of Defendants' discriminatory animus. In ¶ 37 of the complaint, Mr. Jung alleges:

> "Ms. Dornfeld made racially derogatory comments. For example, on or about February 17, 2003, following an office move to White Plains, Ms. Dornfeld was arranging desk assignments in the new office, and she stated, "I don't want to have Orientals and blacks sitting together because they will spend all day talking." (Compl. ¶ 37)

The discrimination that Mr. Jung experienced occurred before February 2003, as alleged throughout the complaint, and became painfully apparent to Mr. Jung with direct evidence of discrimination in White Plains as a result of Defendant Dornfeld's derogatory comments.

Defendants further argue that even a decision to terminate Mr. Jung's employment, if made at Defendant Skadden Arps's New York City office, does not compel a different result. See Defendants' memorandum of law at p. 8. If Plaintiff made no allegations of discriminatory conduct in New York City, Plaintiff would concede this point. Plaintiff has, however, alleged numerous acts of discrimination in New York City, as stated more fully in the Statement of Facts section.

If the dates of Mr. Jung's numerous allegations of Defendants' discrimination are ambiguous then surely those ambiguities can be cleared up at his deposition not a Fed. Rule Civ. P. Rule 12(b)(6) motion to dismiss. As the United State Supreme Court held in Swierkiewicz, "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a

defendant can move for a more definite statement under Rule 12(e) before responding."

Swierkiewicz, 122 S. Ct. at 998-99.

## II.    PLAINTIFF'S COMPLAINT WAS TIMELY FILED WITHIN 90 DAYS OF HIS ATTORNEY'S RECEIPT OF THE EEOC'S RIGHT TO SUE LETTER

Defendants argue that Plaintiff's Title VII claims should be dismissed because he filed his complaint beyond the 90-day deadline after receiving his Right to Sue Letter. Notwithstanding the language in § 7 of the complaint, "On or about January 27, 2005, Mr. Jung received a Dismissal and Notice of Right to Sue letter from the EEOC[,]" Plaintiff's attorney did not receive the Right to Sue Letter until Monday, January 31, 2005. See RECEIVED stamp on cover page to Right to Sue Letter attached hereto as Plaintiff's Exhibit 1.

The preface to the allegation in ¶ 7 of the complaint, "On or about" is an approximation of the date the Right to Sue Letter was received. January 27, 2005, is the date that a representative of the EEOC, Spencer Lewis, actually signed the Right to Sue Letter, and presumably mailed it. See signature page of Spencer Lewis attached hereto as Plaintiff's Exhibit 1. The Right to Sue Letter was in fact received by Plaintiff's attorney on January 31, 2005. It is peculiar that Defendants would argue that Plaintiff or his attorney received the Right to Sue Letter on the same day that it was signed by the EEOC.

"Where the claimant is represented by counsel, the 90-day limitations period for bringing a Title VII action begins to run on the date that the right-to-sue letter is first received either by the claimant or by her counsel." Greenidge v. Ben Hur Moving & Storage, Inc., not reported in F. Supp. 2d, 2002 WL 1796812 at *3 (E.D.N.Y. 2002) (citations omitted). Receipt of the right-to-sue letter by plaintiff's attorney is considered implied notice to plaintiff of the contents thereof and triggers commencement of the 90-day limitation period. Holmes v. NBC/GE, 914 F. Supp.

1040 , 1042 n. 3 (S.D.N.Y. 1996)  Plaintiff was represented by counsel on the date the Right to Sue Letter was both mailed and received.  Therefore, the 90-day limitations period began to run on January 31, 2005.

To determine when a party has received the right-to-sue letter, courts may apply Fed. Rule Civ. P. Rule 6(e) to find that such notice is deemed to have been received within three days of its mailing.  Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 n. 1, 104 S. Ct. 1723, 1723 n. 1, (1984).  Fed. Rule Civ. P. Rule 6(e) provides:

> **(e) Additional Time After Service under Rule 5(b)(2)(B), (C), or (D).** Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party under Rule 5(b)(2)(B), (C), or (D), 3 days shall be added to the prescribed period.

"Where a party may dispute receipt of the right-to-sue letter, courts have also relied on the presumption of receipt of a letter within five days of its mailing."  Holmes at p. 1043 (citations omitted).  "One court has even found that it is 'not unreasonable' to assume the right-to-sue letter was received within seven days of its mailing where the facts surrounding receipt thereof were not supplied.  Id. citing Roush v. Kartridge Pak Co., 838 F. Supp. 1328, 1335 (S.D. Iowa 1993).  The Court in Holmes determined that the date plaintiff's attorney received the Right to Sue Letter, 5 days after mailing, was the date the plaintiff was deemed to have received such notice of her right to sue.  The Court "in considering the facts in the light most favorable to plaintiff, [found] that it is not unreasonable that such mail could take five days from the date of mailing, even where it is sent borough-to-borough within New York City.  Holmes at p. 1044.

Courts will resort to the statutory presumption of receipt of a Right to Sue Letter within 3 days of its mailing, pursuant to Fed. Rule Civ. P. Rule 6(e), in the absence of proof to the contrary.  As noted above, courts have found that 5 days and 7 days is not an unreasonable

period of time for a plaintiff to receive a Right to Sue Letter given the facts of a particular case, and sufficient proof that a plaintiff or his/her counsel received the Right to Sue Letter beyond the statutory presumption of 3 days. In the instant case, however, Plaintiff has proffered sufficient evidence that the Right to Sue Letter was received on January 31, 2005, which negates the necessity to resort to a statutory presumption, notwithstanding the language of ¶ 7 of the complaint.

A representative of the EEOC, Spencer Lewis, signed the Right to Sue Letter on January 27, 2005, which was a Thursday. See signature page of Spencer Lewis attached hereto as Plaintiff's Exhibit 1. The EEOC presumably mailed the letter on the same day, i.e. January 27, 2005. The attorney for Plaintiff received the Right to Sue Letter on Monday January 31, 2005. See RECEIVED stamp on cover letter to Right to Sue Letter attached hereto as Plaintiff's Exhibit 1. Under either date, January 30, 2005 (the statutory presumption of Fed. Rule Civ. P. Rule 6(e)), or January 31, 2005 (the date of actual receipt of the Right to Sue Letter by Plaintiff's attorney), Plaintiff timely filed his complaint. If the Court chooses to use the three-day rule set forth in Fed. Rule Civ. P. Rule 6(e) then receipt of the Right to Sue Letter was on January 30, 2005, and the deadline was Saturday April 30, 2005. If the Court chooses to use the date the Right to Sue Letter was actually received by Plaintiff's counsel, January 31, 2005, then the deadline was Sunday, May 1, 2005. Plaintiff filed his complaint on April 29, 2005, see cover page of complaint attached hereto as Plaintiff's Exhibit 2, and under either date his complaint was timely filed.

Alternatively, if the Court views ¶ 7 as determinative of the date upon which the 90-day deadline began to run, Plaintiff respectfully requests leave to amend the complaint to reflect the

date upon which Plaintiff's counsel actually received the Right to Sue Letter, that is, January 31, 2005.

## III.    PLAINTIFF VOLUNTARILY WITHDRAWS HIS TITLE VII CLAIMS AS TO DEFENDANT DORNFELD ONLY

Plaintiff voluntarily withdraws the First and Fourth counts of the complaint as to Defendant Dornfeld only.  Plaintiff concedes that there is no personal liability for employees in a Title VII action.

## CONCLUSION

For the foregoing reasons, Defendants' Fed. Rule Civ. P. Rule 12(b)(6) motion to dismiss should be denied in its entirety, other than the First and Fourth counts as to Defendant Dornfeld only, which Plaintiff voluntarily withdraws.  In addition, if the Court decides that Plaintiff has insufficiently alleged the date that the Right to Sue Letter was actually received, or the dates of discrimination committed in New York City, Plaintiff respectfully requests leave to amend the complaint to reflect those dates.

Dated: July 8, 2005
       Great Neck, New York

                         BRENDAN CHAO

                         By: _____
                             Brendan Chao (BC 8811)

                         Attorney for Plaintiff
                         150 Great Neck Road, Suite 304
                         Great Neck, New York 11021
                         (516) 466-2033

11

TO:    David E. Schwartz, Esq.
        SKADDEN ARPS MEAGHER & FLOM
        Attorneys for Defendants
        Four Times Square
        New York, New York 10036
        (212) 735-3000