UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JONATHAN JUNG,

                                     :

                Plaintiff,

                                       :

               - against -                  05-CV-4286 (MBM)

                                       :

SKADDEN, ARPS, SLATE, MEAGHER &      ECF Case
FLOM, LLP,

                                       :

                Defendant.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<br>

## DEFENDANT'S REPLY MEMORANDUM
## OF LAW IN FURTHER SUPPORT OF ITS MOTION
## <u>TO COMPEL ARBITRATION AND STAY THIS ACTION</u>

<br><br>

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ATTORNEYS FOR DEFENDANT
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

BOROUGH OF MANHATTAN

CITY OF NEW YORK

NEW YORK 10036-6522

(212) 735-3000

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION ........................................................................................................ 1

STATEMENT OF FACTS ............................................................................................ 3

ARGUMENT ............................................................................................................... 5

    POINT I
    UNDER THE APPLICABLE STANDARD, ANY DOUBT
    CONCERNING A WAIVER OF THE RIGHT TO ARBITRATE
    MUST BE RESOLVED IN FAVOR OF ARBITRATION ................................. 5

    POINT II
    THE FIRM DID NOT WAIVE ITS RIGHT TO COMPEL
    ARBITRATION OF MR. JUNG'S CLAIMS ....................................................... 7

        A.    The Amount Of Time Which Elapsed From The Filing Of
               The Complaint To The Filing Of The Instant Motion To
               Compel Arbitration Does Not Support A Finding Of
               Waiver ........................................................................................... 7

        B.    The Parties Have Not Engaged In The Litigation Of
               Substantial Issues Going To The Merits Which Could
               Support A Waiver Of The Firm's Right To Arbitration ................ 8

               1.    The Right To Arbitration Is Not Waived By Filing
                      A Rule 12(b)(6) Motion To Dismiss .................................. 8

               2.    A Party Ordinarily May Not Waive Its Right To
                      Arbitration Until It Files An Answer On the Merits ......... 11

        C.    Mr. Jung Has Not Suffered The Prejudice Necessary To
               Find That The Firm Waived Its Right To Arbitrate .................... 12

    POINT III
    THE FIRM HAS NOT ENGAGED IN IMPERMISSIBLE FORUM AND
    LAW SHOPPING .............................................................................................. 18

CONCLUSION ........................................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                                 <u>PAGE(S)</u>

<u>Becker v. DPC Acquisition Corp.</u>, No. 00 Civ. 1035, 2002 WL 1144066
    (S.D.N.Y. May 30, 2002).................................................................. *passim*

<u>Brill v. Prudential-Bache Securities, Inc.</u>, No. 84 Civ. 0846, 1986 WL 6787
    (S.D.N.Y. June 13, 1986)..................................................................... 6

<u>Chamois v. Countrywide Home Loans</u>, Nos. 02 Civ. 9550 and 02 Civ. 9553,
    2003 WL 23022033 (S.D.N.Y. Dec. 29, 2003).....................................1, 6, 11, 12

<u>D.H. Blair & Co., Inc. v. Johnson</u>, No. 95 Civ. 3463, 1995 WL 422162
    (S.D.N.Y. July 18, 1995) ................................................................... 18

<u>Dialog Group, Inc. v. Eaker</u>, No. 04 Civ. 3498, 2004 WL 1660604 (S.D.N.Y.
    July 23, 2004)...................................................................................... 14

<u>EEOC v. Waffle House, Inc.</u>, 534 U.S. 279 (2002)........................................... 13

<u>Genesco, Inc. v. T. Kakiuchi & Co., Ltd.</u>, 815 F.2d 840 (2d Cir. 1987) ........... 1

<u>Hunt v. Mobil Oil Corp.</u>, 557 F. Supp. 368 (S.D.N.Y. 1983) .......................... 14

<u>In re HBLS, L.P.</u>, No. 01 CIV. 2025, 2001 WL 1490696 (S.D.N.Y.
    Nov. 21, 2001).................................................................................. 7, 8

<u>Interstate Securities Corp. v. Siegel</u>, 676 F. Supp. 54 (S.D.N.Y. 1988) .......... 10

<u>Kramer v. Hammond</u>, 943 F.2d 176 (2d Cir. 1991) ....................................... 15

<u>Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.</u>,
    67 F.3d 20 (2d Cir. 1995)......................................................5, 6, 12, 16

<u>Moses H. Cone Memorial Hospital v. Mercury Construction Corp.</u>,
    460 U.S. 1 (1983) ............................................................................... 5

<u>Rush v. Oppenheimer & Co.</u>, 779 F.2d 885 (2d Cir. 1985) .............................7, 10, 12, 14

<u>S & R Co. of Kingston v. Latona Trucking, Inc.</u>, 159 F.3d 80 (2d Cir. 1998).............. 6, 7

<u>Scott v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, No. 89 Civ. 3749,
    1992 WL 245506 (S.D.N.Y. Sept. 14, 1992).................................... 9, 10

<u>Sweater Bee by Banff, Ltd. v. Manhattan Industries, Inc.</u>, 754 F.2d 457
    (2d Cir. 1985) ..............................................................5, 9, 13, 17, 19

Teltronics Services, Inc. v. L M Ericsson Telecommunications, Inc., 642
F.2d 31 (2d Cir. 1981) ................................................................. 8, 9

Thomas v. A.R. Baron & Co., Inc., 967 F. Supp. 785 (S.D.N.Y. 1997)........................... 8

Thyssen, Inc. v. Calypso Shipping Corp., S.A., 310 F.3d 102
(2d Cir. 2002) ........................................................................ 17

U.S. Offshore, Inc. v. Seabulk Offshore, Ltd., 753 F. Supp. 86 (S.D.N.Y.
1990) .................................................................................. 18

**STATUTES**                                                        **PAGE(S)**

9 U.S.C. §§ 1-16 ......................................................................... 1

Defendant Skadden, Arps, Slate, Meagher & Flom LLP respectfully submits this reply memorandum of law in further support of its Motion to Compel Arbitration and Stay the Instant Action pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 <u>et seq.</u>[1]

## INTRODUCTION

As fully established in the Moving Brief, and as conceded by Plaintiff in the Opposition Brief, the claims brought by Mr. Jung in this action are arbitrable because:

(1)    Mr. Jung signed the Arbitration Agreement as a condition of his employment with the Firm;

(2)    By its terms, the Arbitration Agreement explicitly covers all of the claims asserted by Mr. Jung; and

(3)    Mr. Jung's Title VII, NYSHRL and NYCHRL claims are not subject to any congressional exceptions from arbitrability.

<u>See</u> <u>Genesco, Inc. v. T. Kakiuchi & Co., Ltd.</u>, 815 F.2d 840, 844 (2d Cir. 1987) (setting forth the factors to be utilized when assessing a motion to compel arbitration and stay proceedings); <u>Chamois v. Countrywide Home Loans</u>, Nos. 02 Civ. 9550 and 02 Civ.

---

[1]    All defined terms in the Moving Brief are incorporated herein.  "<u>Moving Brief</u>" and "<u>D. Br.</u>" refer to the Memorandum of Law in Support of Defendant's Motion to Compel Arbitration and Stay this Action dated November 14, 2005; "<u>Schwartz Decl.</u>" refers to the Declaration of David E. Schwartz dated November 14, 2005; "<u>Opposition Brief</u>" and "<u>P. Br.</u>" refer to the Memorandum of Law in Support of Plaintiff's Opposition to Defendant's Motion to Compel Arbitration and Stay this Action dated December 5, 2005; "<u>MTD Brief</u>" and "<u>Motion to Dismiss Brief</u>" refer to the Memorandum of Law in Support of Defendants' Motion to Dismiss the First, Third, Fourth and Sixth Causes of Action in Plaintiff's Complaint dated June 10, 2005; "<u>Complaint</u>" refers to Plaintiff's Complaint dated April 29, 2005; "<u>Amended Complaint</u>" refers to Plaintiff's Amended Complaint dated October 28, 2005; "<u>October 20 Decision</u>" refers to this Court's decision dated October 20, 2005 on Defendants' motion to dismiss the first, third, fourth and sixth causes of action in the Complaint.  For the Court's convenience, copies of all unreported decisions referred to herein are submitted in an accompanying Compendium of Unreported Cases.

9553, 2003 WL 23022033, at *2-3 (S.D.N.Y. Dec. 29, 2003) (Mukasey, J.) (compelling arbitration of plaintiffs' Title VII and NYSHRL claims).

The Opposition Brief fails to make even one argument showing that Mr. Jung's claims are not generally arbitrable. Indeed, Mr. Jung concedes that "[h]ad Defendants filed the instant motion simultaneously with [its] FRCP Rule 12(b)(6) motion," this Court "would have stayed the action pending the outcome of the arbitration."[2] (P. Br. at 5.) Further emphasizing this concession, Plaintiff argues that had the Firm not filed a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this action would be "an otherwise arbitrable case." (P. Br. at 11 (emphasis added).)

Plaintiff's sole contention in opposing the instant Motion to Compel Arbitration and Stay this Action is that the Firm supposedly waived its right to arbitrate by filing a Rule 12(b)(6) motion to dismiss. However, Plaintiff builds this argument through a series of quotes ripped out of context from cases and false analogies. Plaintiff has not cited a single case in which the filing of a motion to dismiss standing alone has effectuated a waiver of the right to arbitrate. In fact, the clear and overwhelming case law in the Second Circuit conclusively establishes that Plaintiff's position that a Rule 12(b)(6) motion to dismiss constitutes a waiver of the right to compel arbitration is completely wrong. See, e.g., Becker v. DPC Acquisition Corp., No. 00 Civ. 1035, 2002 WL 1144066, at *13 (S.D.N.Y. May 30, 2002) ("[T]he Second Circuit has held that a party litigating a motion to dismiss 'does not waive the right to arbitrate.'" (quoting Rush v. Oppenheimer & Co., 779 F.2d 885, 888 (2d Cir. 1985) (holding defendants had not

---

[2]    Plaintiff incorrectly refers throughout the Opposition Brief to "Defendants" rather than to "Defendant." There is only one defendant in this case, Skadden, Arps. The Firm's Treasurer, Susan Dornfeld, who was named as a defendant in the Complaint, is no longer a defendant in this case.

waived their right to arbitrate by participating in eight months of litigation, taking

extensive discovery and bringing a motion to dismiss before invoking the arbitration

clause))).

## STATEMENT OF FACTS

Mr. Jung mischaracterizes the proceedings to create the appearance that

the Firm improperly delayed making the instant Motion to Compel Arbitration and Stay

this Action.  In fact, the Firm did not delay in making this motion, as demonstrated by the

following relevant dates in this action:

- April 29, 2005:  Plaintiff filed the Complaint.  (P. Br. at 3.)

- June 10, 2005:  The Firm filed a Rule 12(b)(6) motion to dismiss the Title VII and NYCHRL claims in the Complaint (P. Br. at 4) and expressly reserved its right to arbitrate.  (D. Br. at 6; MTD Brief at 1 n.2.)

- July 29, 2005:  The parties completed briefing the motion to dismiss.

- October 20, 2005:  This Court granted the motion to dismiss but also granted Plaintiff leave to file an amended complaint.  (D. Br. at 7; October 20 Decision at 2, 4.)  The Firm requested that Mr. Jung voluntarily submit his claims to arbitration.  (P. Br. at 4; Schwartz Decl. Ex. E.)

- October 28, 2005:  Mr. Jung rejected the Firm's request that he comply with the Arbitration Agreement and filed the Amended Complaint.  (P. Br. at 4; Schwartz Decl. Ex. F.)

- November 14, 2005:  The Firm filed the instant Motion to Compel Arbitration and Stay this Action.

In addition, the Opposition Brief misstates a number of facts which, for

clarity sake, should be corrected:

First, Plaintiff repeatedly states in the Opposition Brief that the Firm

moved to dismiss the Complaint.  (See, e.g., P. Br. at 4.)  The Firm did not move to

3

dismiss the entire Complaint.  Rather, the Firm moved to dismiss four of six causes of action because those four causes of action failed to state claims upon which relief could be granted.  (<u>See</u> MTD Brief; D. Br. at 7; October 20 Decision at 1.)  Accordingly, to the extent that Plaintiff is arguing that the Firm had hoped to have the entire case dismissed without having to arbitrate any claims, his contention is mistaken.  Rather, consistent with the prevailing case law, the Firm sought dismissal of the claims which could not on their face support any cause of action -- even assuming that the erroneous allegations were true -- so that it could compel arbitration of the remaining claims.

Second, the Opposition Brief contains numerous assertions that "Defendants' FRCP Rule 12(b)(6) motion was unsuccessful" (P. Br. at 5) and refers to "the Court's reading of the decision denying Defendants' FRCP Rule 12(b)(6) motion to dismiss." (P. Br. at 2.)  To the contrary, this Court granted the Firm's and Ms. Dornfeld's motion to dismiss Mr. Jung's Title VII and NYCHRL claims.  (October 20 Decision at 2, 4.)  The fact that this Court granted Plaintiff leave to replead does not change that this Court also granted the motion to dismiss.

Third, Mr. Jung's contentions in the Opposition Brief that the Firm "sprung [the Arbitration Agreement] on Plaintiff's counsel on or about October 20, 2005" (P. Br. at 9) and that "[t]he first time counsel for Plaintiff learned of an arbitration agreement was in Court [that day]" (P. Br. at 2) are both wrong and irrelevant.  Mr. Jung's counsel knew (or should have known) of the existence of the Arbitration Agreement prior to October 20, 2005.  The Firm advised Mr. Jung's prior counsel in or about April 2004 that Mr. Jung was required to pursue his claims through arbitration.  (Schwartz Decl. Ex. E.)  In addition, the Firm expressly reserved its right to compel arbitration of Mr. Jung's

claims on the very first page of its Motion to Dismiss Brief.  (See D. Br. at 6; MTD Brief at 1 n.2.)  If Plaintiff's counsel had any doubt about the existence of an Arbitration Agreement, he could have inquired.  Counsel did not do this.  In any event, the relevant inquiry is not whether Mr. Jung's lawyer knew of the Arbitration Agreement, but whether Mr. Jung knew of it.  Clearly, Mr. Jung knew of the existence of the Arbitration Agreement prior to October 20, 2005 since he signed it.

   Even under Plaintiff's erroneous portrayal of the facts, however, the controlling case law establishes that the Firm did not waive its right to arbitration.

## ARGUMENT

### POINT I

#### UNDER THE APPLICABLE STANDARD, ANY DOUBT CONCERNING A WAIVER OF THE RIGHT TO ARBITRATE MUST BE RESOLVED IN FAVOR OF ARBITRATION

   As "the party seeking . . . a finding -- that his opponent has waived a conceded right to arbitration" Mr. Jung "has a 'heavy burden.'"  Sweater Bee by Banff, Ltd. v. Manhattan Indus., Inc., 754 F.2d 457, 466 (2d Cir. 1985) (emphasis added).  It is well established that under the Federal Arbitration Act, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983) (emphasis added).  Thus, courts in the Second Circuit examine whether the right to compel arbitration has been waived in light of the strong federal policy favoring arbitration.  See, e.g., Becker, 2002 WL 1144066, at *11 ("'Whether or not there has been a waiver is decided in the context of the case, with a healthy regard for the policy of promoting arbitration.'" (quoting Leadertex, Inc. v. Morganton Dyeing &

Finishing Corp., 67 F.3d 20, 25 (2d Cir. 1995))).  As this Court held in Chamois, "'[t]here is a strong presumption in favor of arbitration, and waiver of the right to arbitration is not to be lightly inferred.'"  2003 WL 23022033, at *5 (quoting Thyssen, Inc. v. Calypso Shipping Corp., S.A., 310 F.3d 102, 104-05 (2d Cir. 2002)).

Although Plaintiff misapplies the standard to be used, the Opposition Brief correctly identifies the following three factors as the elements to be considered in determining whether a party has waived its right to arbitration:

(1)  the time elapsed from the commencement of litigation to the request for arbitration;

(2)  the amount of litigation (including exchanges of pleadings, any substantive motions, and discovery); and

(3)  proof of prejudice, including taking advantage of pre-trial discovery not available in arbitration, delay, and expense.

S & R Co. of Kingston v. Latona Trucking, Inc., 159 F.3d 80, 83 (2d Cir. 1998).  "The proximity of a trial date when arbitration is sought is also relevant."  Leadertex, 67 F.3d at 25.  In applying these factors, "'[a]ny doubts concerning whether there has been a waiver are resolved in favor of arbitration.'"  Becker, 2002 WL 1144066, at *12 (quoting Leadertex, 67 F.3d at 25); see also Brill v. Prudential-Bache Sec., Inc., No. 84 Civ. 0846, 1986 WL 6787 (S.D.N.Y. June 13, 1986) (holding any doubts concerning the question of waiver must be resolved in favor of arbitration).

## POINT II

### THE FIRM DID NOT WAIVE ITS RIGHT TO
### COMPEL ARBITRATION OF MR. JUNG'S CLAIMS

**A.    The Amount Of Time Which Elapsed From The Filing
Of The Complaint To The Filing Of The Instant Motion To
Compel Arbitration Does Not Support A Finding Of Waiver**

The first consideration set forth in <u>S. & R. Co. of Kingston</u> is the "time

elapsed from the commencement of litigation to the request for arbitration." 159 F.3d at

83.  This time period did <u>not</u>, as Plaintiff argues, commence with the first conversation

between counsel approximately fourteen months before the Firm stated its intention to

compel arbitration.  (P. Br. at 4.)  Under the proper analysis, only six and a half months

passed between Mr. Jung's filing of the Complaint on April 29, 2005 and the Firm's filing

of the Motion to Compel Arbitration and Stay the Instant Action on November 14, 2005.[3]

It is beyond question that such six and a half month interval is insufficient by itself to

constitute a waiver of the right to arbitrate, without a showing of prejudice to Mr. Jung.

<u>See</u> <u>Rush v. Oppenheimer & Co.</u>, 779 F.2d 885, 887 (2d Cir. 1985) (holding defendant's

delay in seeking arbitration during approximately eight months of pretrial proceedings

was insufficient by itself to constitute a waiver).

"[E]ven a lengthy delay in seeking arbitration will not typically result in

waiver unless it prejudices the opposing party."  <u>In re HBLS, L.P.</u>, No. 01 CIV. 2025,

---

[3]    Of this six and a half month period, the Firm's motion to dismiss was pending for
approximately three months.  In addition, by letter dated October 20, 2005 -- <u>less</u> <u>than</u>
<u>six</u> <u>months</u> following the date of the Complaint -- the Firm requested that Mr. Jung
voluntarily submit his claims to arbitration pursuant to the Arbitration Agreement.  (P.
Br. at 4; D. Br. at 7; Schwartz Decl. Ex. E.)  Moreover, the Firm expressly reserved
its right to compel arbitration when it filed its motion to dismiss on June 10, 2005 --
<u>less</u> <u>than</u> <u>two</u> <u>months</u> after Mr. Jung filed the Complaint.  (P. Br. at 4; D. Br. at 6;
MTD Brief at 1 n.2.)

2001 WL 1490696, at *7 (S.D.N.Y. Nov. 21, 2001). Accordingly, courts routinely find

that delays of the duration which Plaintiff argues occurred here -- and longer -- do not

constitute a waiver of the right to compel arbitration. See, e.g., Becker, 2002 WL

1144066, at *12 (finding no waiver where defendants did not assert their right to arbitrate

until more than fourteen months after plaintiff filed his complaint); In re HBLS, 2001

WL 1490696, at *7-8 (holding there was no waiver where seventeen months had elapsed

before defendant moved to compel arbitration); Thomas v. A.R. Baron & Co., Inc., 967 F.

Supp. 785, 789 (S.D.N.Y. 1997) (holding defendants did not waive their right to arbitrate

by waiting a year and a half after the complaint was filed before seeking arbitration).

**B.    The Parties Have Not Engaged In The Litigation Of
Substantial Issues Going To The Merits Which Could
Support A Waiver Of The Firm's Right To Arbitration**

    **1.    The Right To Arbitration Is Not Waived
By Filing A Rule 12(b)(6) Motion To Dismiss**

    Plaintiff simply cannot demonstrate that the Firm's filing of a motion to

dismiss constitutes "'the litigation of substantial issues going to the merits [which] may

constitute a waiver of arbitration.'" (P. Br. at 5 (quoting Doctor's Assocs., Inc. v. Distajo,

66 F.3d 438, 455 (2d Cir. 1995).) Plaintiff attempts to argue that by filing a motion to

dismiss, the Firm has engaged in substantial litigation on the merits of his claim. In

support of his position, Plaintiff quotes Teltronics Services, Inc. v. L M Ericsson

Telecommunications, Inc., 642 F.2d 31 (2d Cir. 1981), for the proposition that

"[j]udgments under Rule 12(b)(6) are on the merits, with res judicata effects." (P. Br. at

5.) However, the Teltronics Court applied this rule to find that the plaintiff's antitrust

action was barred by the doctrine of res judicata because a prior suit involving the same

parties, same cause of action and same facts had been dismissed, for failure to state a

claim, pursuant to Rule 12(b)(6).  642 F.2d at 35-37.  It did not apply this rule to

foreclose a possible arbitration.  Indeed, the <u>Teltronics</u> case did not involve a motion to

compel arbitration at all.  Thus, it has no bearing on the instant motion.  Put simply, a

decision on a motion to dismiss may be "on the merits" for purposes of <u>res</u> <u>judicata</u> but

the motion does not constitute "substantial litigation," let alone "substantial litigation on

the underlying merits of the claims."

   Moreover, the plaintiff in <u>Sweater Bee</u>, a case actually cited by Plaintiff in

the Opposition Brief, advanced the exact same argument that Mr. Jung is making here,

namely, that filing a motion to dismiss constituted litigation of substantial issues going to

the merits under <u>Teltronics</u>.  The Second Circuit rejected the argument.  <u>Sweater Bee</u>,

754 F.2d at 462-63, 466.  Plaintiff fails to disclose this key point in the Opposition Brief

even though he cites the <u>Sweater Bee</u> case repeatedly.

   Indeed, as a matter of well-established law, the Firm has not waived its

right to arbitration by filing a motion to dismiss Mr. Jung's Title VII and NYCHRL

claims in this action.  <u>See</u> <u>Becker</u>, 2002 WL 1144066, at *13 ("[T]he Second Circuit has

held that a party litigating a motion to dismiss 'does not waive the right to arbitrate.'"

(quoting <u>Rush</u>, 779 F.2d at 888)).  In <u>Sweater Bee</u>, the Second Circuit applied the

"substantial issues going to the merits" standard, and held that the defendants did not

waive their right to compel arbitration by filing a motion under Rule 12(b)(6) to dismiss

plaintiff's amended complaint.  754 F.2d at 466.  The court contrasted a Rule 12(b)(6)

motion, calling for the dismissal "of a totally needless and unmeritorious claim," with a

Rule 56 motion on the merits, "at which point the effect would be to preclude any

arbitration of the issue by virtue of waiver."  <u>Id.</u> at 465.  Likewise, in <u>Scott v. Merrill</u>

Lynch, Pierce, Fenner & Smith, Inc., No. 89 Civ. 3749, 1992 WL 245506 (S.D.N.Y. Sept.

14, 1992), the court held that "[t]here ha[d] been no such 'merits' litigation" where

Merrill Lynch "fil[ed] a motion to dismiss the complaint, respond[ed] to a document

demand, produc[ed] documents, respond[ed] to interrogatories, serv[ed] its own

document demand and answer[ed] the complaint, all without asserting a right to

arbitrate."[4]  Id. at *3-4.  Following the Sweater Bee decision, courts in the Second Circuit

have consistently held that filing a motion to dismiss does not waive a party's right to

arbitrate.  See, e.g., Rush, 779 F.2d at 887-88 (holding there was no waiver where

defendants brought a motion to dismiss, participated in eight months of litigation and

took extensive discovery before invoking the arbitration clause); Becker, 2002 WL

1144066, at *13 (holding that the defendants did not waive their right to compel

arbitration by litigating their motions to dismiss the action, or by securing extensions of

time in which to brief those motions); Interstate Sec. Corp. v. Siegel, 676 F. Supp. 54, 57

(S.D.N.Y. 1988) (holding that "mere expense and delay, participation in discovery,

service of a Motion to Dismiss, and service of an Answer containing affirmative defenses,

none of which raise the agreement to arbitrate, are insufficient to compel a waiver of

arbitration").

      Indeed, not one of the cases cited in the Opposition Brief held that a

motion to dismiss standing alone was sufficient to constitute a waiver of the right to

compel arbitration.  Moreover, the cases cited by Plaintiff in which there were findings of

"litigation of substantial issues going to the merits" stand in stark contrast to the facts of

---

[4]    The Scott v. Merrill Lynch Court noted that in the cases the plaintiff cited in support
of his proposition that Merrill Lynch waived its right to compel arbitration, the person
asserting the right to arbitration had either moved for partial summary judgment,
summary judgment or had a full trial on the merits.  1992 WL 245506, at *7 n.4.

the cases finding no waiver and to the facts of this case.  (See, e.g., P. Br. at 5 (citing

Doctor's Assocs., 66 F.3d at 455 (finding potential waiver where subsidiary initiated

eviction proceedings and parent seeking to enforce an arbitration clause may have been

subsidiary's "alter ego")); P. Br. at 6 (citing Com-Tech Assocs. v. Computer Assocs. Int'l,

Inc., 938 F.2d 1574, 1577-78 (2d Cir. 1991) (finding waiver where defendants had filed

motion for partial summary judgment, discovery was nearly complete and the trial had

been scheduled)); P. Br. at 6, 8 (citing Kramer v. Hammond, 943 F.2d 176, 179 (2d Cir.

1991) (finding waiver where petitioner filed summary judgment motion and participated

in over four years of litigation of two different parallel cases in two different state

courts)); P. Br. at 6-7 (citing Cotton v. Slone, 4 F.3d 176, 180 (2d Cir. 1993) (finding

waiver where defendant brought motion for summary judgment, engaged in discovery

that is often unavailable in arbitral forum, including depositions, and sought protective

orders)).)

**2.    A Party Ordinarily May Not Waive Its Right To
Arbitration Until It Files An Answer On the Merits**

The Second Circuit has expressly held that "the earliest point at which a

party may ordinarily waive its right to arbitration is when that party files an answer on the

merits."  Becker, 2002 WL 1144066, at *13 (citing Chatham Shipping Co. v. Fertex

Steamship Corp., 352 F.2d 291, 293 (2d Cir. 1965)); see also Chamois, 2003 WL

23022033, at *4 (holding that "'the earliest point at which such preclusion may be found

is when the other party files an answer on the merits'" (citation omitted)).  Thus, the

Becker Court held that defendants did not waive their right to arbitration by filing

motions to dismiss, not only because "a motion to dismiss 'does not waive the right to

arbitrate,'" but also because defendants filed such motions before filing their answer.

2002 WL 1144066, at *13.  Correspondingly, in <u>Chamois</u>, where defendants moved to dismiss two former employees' discrimination claims on the ground that they had waived their right to arbitrate by filing lawsuits in court, this Court held that the former employees had not waived the right to arbitrate since defendants had not yet filed an answer to plaintiffs' claims on the merits.  2003 WL 23022033, at *5.

Here, the Firm has not filed an Answer.  Accordingly, the Firm could not have waived its right to compel arbitration.

**C.    Mr. Jung Has Not Suffered The Prejudice Necessary <u>To Find That The Firm Waived Its Right To Arbitrate</u>**

Even if this Court finds that there was sufficient delay or litigation of substantial issues going to the merits to support a waiver of the right to arbitrate -- which there is not -- such a waiver "may be found only when prejudice to the other party is demonstrated." <u>Rush</u>, 779 F.2d at 887.  Here, as a matter of law, Mr. Jung has not demonstrated -- and cannot demonstrate -- that he has suffered any prejudice.

Mr. Jung's attempt to establish prejudice is primarily premised on his assertion that "Defendant[] ha[s] caused Plaintiff to incur unnecessary delay and expense in forcing Plaintiff to respond to [its] FRCP Rule 12(b)(6) motion and the instant motion."[5]  (P. Br. at 7.)  However, it is well established that "pretrial expense and delay -- unfortunately inherent in litigation -- without more, do not constitute prejudice sufficient to support a finding of waiver." <u>Leadertex</u>, 67 F.3d at 26 (holding that the expense and

---

[5]    The Firm attempted to avoid the delay and expense which both Mr. Jung and the Firm have incurred in briefing the instant Motion to Compel Arbitration and Stay this Action.  On October 20, 2005, counsel for Defendant sent Mr. Jung a copy of the Arbitration Agreement and asked Mr. Jung to agree to voluntarily submit his claims to arbitration.  Mr. Jung refused to do so, thereby providing the Firm with no choice but to file the instant motion.

delay associated with defendant's extensive discovery, including multiple interrogatories, demands for document production and depositions, did not constitute prejudice sufficient to find a waiver of arbitration) (citing Rush, 779 F.2d at 887-88 (holding the expense and delay plaintiff incurred as a result of defendant taking extensive discovery and bringing a motion to dismiss did not constitute prejudice sufficient to find a waiver)).[6]

Moreover, as established above, the filing of a Rule 12(b)(6) motion to dismiss does not itself constitute litigation going to the merits. (See Point II.B.1. above.) A fortiori, the filing of such a motion cannot constitute prejudice. Indeed, contrary to the assertion Plaintiff attempts to make with his out-of-context quotes (P. Br. at 6-7), the case law in the Second Circuit clearly holds that filing a Rule 12(b)(6) motion does not give rise to such prejudice necessary to find waiver has occurred. The court in Sweater Bee, for example, explicitly held that there cannot be prejudice stemming from "the time necessary for [a] Rule 12(b)(6) . . . motion to be made, briefed, and decided." 754 F.2d at 463. Similarly, in Becker, the court held that since defendants' litigation of motions to dismiss did not support an inference of waiver, the legal fees which plaintiff incurred in

---

[6]   Plaintiff also asserts that the Firm should have "ma[de] [] reference to an arbitration agreement" before Mr. Jung filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or in the position statement it submitted to the EEOC on December 15, 2004. (P. Br. at 3, 7.) This criticism makes no sense because: (1) the Firm's position statement was addressed to the EEOC, not to Mr. Jung; (2) the EEOC does not provide a procedural mechanism for compelling arbitration; (3) according to the EEOC's Policy Statement on Mandatory Binding Arbitration of Employment Discrimination Disputes as a Condition of Employment, dated July 10, 1997, the EEOC will process charges and bring suit notwithstanding an employee's agreement to arbitrate; and (4) the U.S. Supreme Court held in EEOC v. Waffle House, Inc., 534 U.S. 279 (2002), that a private mandatory arbitration agreement between an employee and employer does not prevent the EEOC from seeking victim-specific relief in a separate civil action brought by the agency on the employee's behalf. Thus, there was no need for the Firm to raise the Arbitration Agreement before Mr. Jung filed an EEOC charge or in the Firm's position statement to the EEOC.

responding to those motions were insufficient evidence of prejudice to justify a finding of waiver.  2002 WL 1144066, at *13.

Plaintiff also erroneously contends that because the American Arbitration Association ("AAA") rules do not expressly authorize motions to dismiss (i.e., motions directed at the pleadings as opposed to the merits), the Firm has engaged in "machinations" to attain a "tactical advantage" not available in arbitration.  (P. Br. at 8-9.) This contention is based solely on a few cases in which a party took advantage of discovery not available in arbitration.  (Id.)  However, Plaintiff's analogy does not hold up.  First, Plaintiff cites no cases for the propositions that the AAA will not consider a motion to dismiss or that a party to an arbitration agreement may not take advantage for Rule 12(b)(6) after it has been sued in federal court by the other party to the arbitration agreement.  Second, it is well-known that arbitrators will entertain motions to dismiss. See, e.g., Dialog Group, Inc. v. Eaker, No. 04 Civ. 3498, 2004 WL 1660604, at *1 (S.D.N.Y. July 23, 2004) (noting an AAA arbitration panel's denial of a motion to dismiss); Hunt v. Mobil Oil Corp., 557 F. Supp. 368, 373-74 (S.D.N.Y. 1983) (noting that an AAA arbitration panel granted a motion to dismiss), aff'd mem., 742 F.2d 1438 (2d Cir. 1983).  Third, the argument that prejudice may be shown by a party's Rule 12(b)(6) motion to dismiss -- which by definition is directed at facially deficient pleadings -- has been  rejected by those decisions which have found no waiver after a party brought a Rule 12(b)(6) motion to dismiss.  See, e.g., Rush, 779 F.2d at 887-88 (compelling arbitration where defendants brought a motion to dismiss before invoking the arbitration clause); Becker, 2002 WL 1144066, at *1 (holding defendant had not

waived its right to arbitration before the AAA following litigation of its motion to dismiss).

The handful of cases cited in the Opposition Brief which actually found a waiver did so where the party opposing arbitration demonstrated a type of prejudice which is clearly lacking here. For example, Plaintiff is relying on cases in which prejudice was found based on substantial discovery prior to the filing of a motion to compel arbitration. (See, e.g., P. Br. at 6 (citing S. & R. Co. of Kingston, 159 F.3d at 83 (holding petitioners waived right to arbitration because they prejudiced their adversary by engaging in extensive discovery, "thereby obtaining information that would not have been available in arbitration")); P. Br. at 8 (citing PPG Indus., Inc. v. Webster Auto Parts Inc., 128 F.3d 103, 110 (2d Cir. 1997) (finding prejudice where PPG sought "to take the information that it received during discovery and to use that information against Webster in the arbitral forum")); P. Br. at 8 (citing Zwitserse Maatschappij Van Levensverzekering En Lijfrente v. ABN Int'l Capital Mkts. Corp., 996 F.2d 1478 (2d Cir. 1993) (finding prejudice where investor obtained deposition-type discovery in international proceeding which would not have been available in NASD arbitration)).) By comparison, there has been no discovery in the instant action.[7]

Likewise, Plaintiff's reliance on Kramer for the proposition that he has experienced prejudice due to "extended litigation" is wholly misplaced. (P. Br. at 8 (citing Kramer, 943 F.2d at 180).) In Kramer, the Second Circuit held that the petitioner waived the right to arbitrate because he filed "numerous appeals in which he had little

---

[7]    However, Plaintiff has benefited by obtaining a copy of the position statement which the Firm submitted to the EEOC in opposition to Plaintiff's charge of discrimination. (P. Br. at 3, Ex. 4.)

likelihood of success" which unfairly prejudiced his adversary.  943 F.2d at 179.  Nothing

of this sort has happened in the instant action.

            In addition, Plaintiff relies on several cases in which prejudice was found

because a party moved to compel arbitration "on the eve of trial."  (See, e.g., P. Br. at 8

(citing S. & R. Co. of Kingston, 159 F.3d at 83 (holding petitioners waived right to

arbitration because they prejudiced their adversary by actively participating in litigation

for fifteen months before invoking their right to arbitrate "on the eve of trial")); P. Br. at

6 (citing Com-Tech Assocs., 938 F.2d at 1576-77 (holding a party waived its right to

arbitration where it did not move to compel arbitration until just four months before the

scheduled trial date)).)  A trial date has not been set -- or even contemplated -- in this

case.

            Leadertex, cited in the Opposition Brief, demonstrates the extent of harm a

party opposing a motion to compel arbitration must demonstrate to show a waiver.  (P. Br.

at 5 (citing Leadertex, 67 F.3d at 25).)  In that case, the court held that the expense and

delay associated with defendant's extensive discovery, including multiple interrogatories,

demands for document production and depositions, did not constitute prejudice sufficient

to find a waiver of arbitration.  Leadertex, 67 F.3d at 26.  The court's ultimate holding

that defendant had waived the right to arbitration was based solely on a finding of

ongoing harm where the defendant held virtually all of the plaintiff's inventory during the

litigation, and the resulting ongoing economic harm incurred by the plaintiff would be

exacerbated were the initiation of arbitration compelled.  Id. at 27.  Mr. Jung has not

demonstrated similar ongoing interference with his current ability to earn a livelihood.

Plaintiff cites <u>Thyssen, Inc. v. Calypso Shipping Corp., S.A.</u>, 310 F.3d 102 (2d Cir. 2002), for the general proposition that "[p]rejudice can be substantive." (P. Br. at 6.) He neglects to disclose, however, that in <u>Thyssen</u>, the Second Circuit affirmed this Court's holding that plaintiff did not suffer any "substantive prejudice," and defendants had not waived their right to arbitrate, even though defendant filed an answer which did not raise arbitration as a defense and "allow[ed] litigation to proceed." 310 F.3d at 104, 105-06. In the instant action, as in <u>Thyssen</u>, there was no evidence of extensive discovery or substantive motions by defendant. <u>Id.</u> at 105. Moreover, unlike the situation in <u>Thyssen</u>, the Firm clearly put Plaintiff on notice of the potential for arbitration by expressly reserving its right to compel arbitration in the Firm's first responsive pleading. (D. Br. at 6; MTD Brief at 1 n.2.)

Furthermore, Plaintiff's contention that it has incurred "substantive prejudice" as a result of "Defendant['s] unsuccessful attempt to dismiss the Complaint on the merits" and purported "attempt[] to relitigate the issues by invoking arbitration" (P. Br. at 7) is misguided in several respects. First, as set forth in the Statement of Facts above, the Firm was not "unsuccessful" on its motion to dismiss Mr. Jung's Title VII and NYCHRL claims. Second, Plaintiff filed an Amended Complaint which the Firm has not moved to dismiss. Accordingly, Mr. Jung is no worse off proceeding now to arbitration than had the Firm moved for arbitration immediately after being served with the Complaint. <u>See</u> <u>Sweater Bee</u>, 754 F.2d at 463 (holding defendant had not waived right to arbitration where plaintiff would be "no worse off proceeding now to arbitration" following defendant's motion to dismiss the amended complaint than had defendant moved for arbitration immediately after being served with the amended complaint).

# POINT III

## THE FIRM HAS NOT ENGAGED IN IMPERMISSIBLE FORUM AND LAW SHOPPING

Contrary to Plaintiff's contention, the Firm has not engaged in impermissible forum and law shopping by filing a Rule 12(b)(6) motion to dismiss with this Court prior to moving to compel arbitration of Mr. Jung's claims.  (P. Br. at 9-10.)  In making this argument, Plaintiff erroneously compares the Firm's conduct to the tactics of the parties in D.H. Blair & Co., Inc. v. Johnson, No. 95 Civ. 3463, 1995 WL 422162 (S.D.N.Y. July 18, 1995), and U.S. Offshore, Inc. v. Seabulk Offshore, Ltd., 753 F. Supp. 86 (S.D.N.Y. 1990).  (P. Br. at 9-10.)  The D.H. Blair case, however, involved a motion to vacate an arbitration award brought in a New York court even though the arbitration occurred in Florida and there was already pending in Florida an action to confirm the award brought by the other party.  1995 WL 422162, at *1.  Similarly, in U.S. Offshore, the court permitted a party to pursue an action to vacate an arbitration award in a New York court even though the other party had filed an earlier action to confirm the award in a Florida court.  753 F. Supp. at 89.  Neither of these cases involve a choice between arbitration and federal court.  Accordingly, they have no application on the instant motion.

Finally, Plaintiff's argument that compelling arbitration after the Firm made a Rule 12(b)(6) motion to dismiss would encourage unnecessary Rule 12(b)(6) motions to dismiss (P. Br. at 11) has already been rejected by the Second Circuit.  As the Sweater Bee Court explained, it is unlikely that defendants will bring unnecessary Rule 12(b)(6) motions in otherwise arbitrable cases because they run the risk that, if matters going outside the pleadings are presented to the court, the motion will be treated as one for summary judgment, at which point the effect would be to preclude any arbitration of

the issue by virtue of waiver.  754 F.2d at 465.  Thus, the most to be gained by allowing a party to bring a motion to dismiss before invoking its right to compel arbitration "is dismissal of a totally needless and unmeritorious claim."  Id.

If anything, Mr. Jung, not the Firm, is "forum shopping" in this case.  Mr. Jung chose to bring his claims to this Court even though he signed an Arbitration Agreement requiring arbitration of such claims.  Now he is attempting to dissuade this Court from referring Mr. Jung's claims to an arbitral forum, despite the clear precedents demonstrating that the Firm has not waived its right to arbitration.  This Court should not reward Plaintiff's hyperbole and false accusations by allowing him to avoid the enforceable Arbitration Agreement.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Moving Brief, the Firm respectfully requests that this Court compel Plaintiff to arbitrate all of his claims against the Firm pursuant to the Arbitration Agreement, stay the instant action pending completion of the arbitration proceeding and grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
        December 19, 2005                        Respectfully submitted,


                                        /s/ David E. Schwartz
                                        Henry P. Baer (HB 1305)
                                        David E. Schwartz (DS 4473)
                                        SKADDEN, ARPS, SLATE,
                                          MEAGHER & FLOM LLP
                                        Four Times Square
                                        New York, New York 10036
                                        (212) 735-3000
                                        Attorneys for Defendant
                                          Skadden, Arps, Slate,
                                          Meagher & Flom LLP